*S. M. Davis,* contra.

---

### 4857. WESTERN UNION TELEGRAPH COMPANY v. CALHOUN.

RUSSELL, J. 1. The petition set forth a cause of action, and was not subject to the demurrers filed.

2. Where in a suit against a telegraph company to recover the statutory penalty for the failure to deliver a message as provided in section 2812 of the Civil Code the petition alleges that the message was received by the defendant company on a given date at its office in a named city, and that the telegraph tolls were paid to the company as required by its regulations and the laws of this State, an answer that, for want of sufficient information, these allegations can neither be admitted nor

denied must be treated as an admission of the allegations. The facts thus averred in the petition are matters as to which the company must have had knowledge, and it will not be heard to say that it had not. Nor will its failure to ascertain the truth in reference to these matters be excused by a statement in the answer that since the filing of the petition it has not had sufficient time to make the necessary investigation to ascertain the truth. The time prescribed by law within which the defendant must file its answer must be held, as a matter of law, to be a reasonable time within which to make the necessary investigation. *Southern Bell Tel. Co.* v. *Shamos,* 12 *Ga. App.* 463 (77 S. E. 312).

3. The defendant's acceptance of the message for delivery to the plaintiff and the failure to deliver having been shown by undisputed evidence, and all other material averments in the petition having been proved, either by evidence or by admissions in the defendant's answer, it was not erroneous to direct a verdict in the plaintiff's favor.

4. The exception in the motion for a new trial in reference to the admission of certain documentary evidence, not being referred to in the brief of counsel for the plaintiff in error, must be treated as having been abandoned.                                          *Judgment affirmed.*

DECIDED SETEMBER 23, 1913.

Action for penalty; from city court of Miller county—Judge Geer. March 13, 1913.

The petition (after allegations as to venue and as to the nature of the telegraph company's business) alleged, that at the time hereinafter named the defendant had an office and place of business in Macon, Georgia, and an office and place of business within the corporate limits of the municipality of Colquitt, Georgia, and the plaintiff resided in and had a place of business within the corporate limits of the said municipality and within one mile of the telegraph station and place of business of the defendant; that on January 15, 1912, one Mrs. J. W. Hatfield filed with defendant in Macon, Georgia, a telegraphic message, and the tolls on the same were then and there paid by the said sender, according to the regulations of the defendant, and said message was accepted for transmission by the defendant to the plaintiff at Colquitt, Georgia; that the said message was never delivered to the plaintiff; and that the handling, transmission, and delivery of said message were not done impartially and in good faith, and not done with due diligence; by reason of which petitioner sues for twenty-five dollars penalty prescribed by section 2812 of the Code of 1910. An amendment, striking the word "Macon," and substituting the word "Arlington," in each place where the word "Macon" appeared in the petition, was allowed by the court, over the objection of the defendant that the amendment set up a new cause of action and attempted to collect a

penalty for an altogether different message from that referred to in the original petition. The defendant demurred to the petition, on the grounds, that no cause of action was set out, and that the petition "is insufficient in law, in that it seeks to recover a penalty alleged to be prescribed by the laws of Georgia, without setting forth (except as conclusions) any sufficient allegations of fact upon which the defendant can legally be required to answer." The defendant's answer contained the following statement: "Since the service of the declaration in said case, the agents of the defendant company have been engaged in the investigation of the facts alleged in said declaration, but have not had sufficient time to complete said investigation and to inform the legal department of defendant of the result thereof, so far as some of the allegations are concerned; on which account defendant, for want of sufficient information, is unable to admit or deny the 4th and 5th paragraphs of said declaration." The 4th and 5th paragraphs, here referred to, are those relating to the residence and place of business of the plaintiff, and to the filing and acceptance of the message for transmission, and the payment of the tolls. The paragraphs following these were denied.

At the trial the plaintiff testified, that on January 15, 1912, he resided within the corporate limits of the city of Colquitt, Georgia, and about half a mile from the defendant's office in that city, and that he did not receive a telegram from Mrs. J. W. Hatfield on the 15th, 16th, or 17th of January, 1912: "I had a conversation with Mr. Franklin in regard to the message dated January 15, 1912, and sent from Arlington, Georgia, to me. Mr. Franklin was railroad agent and also Western Union Telegraph operator, at that time in charge of the defendant's office. He stated to me over the phone a few days later that a message had come for me a day or so previous to that, and for some cause or other he had failed to call me up and deliver it to me. I don't know now just what he said about it. . . He told me that a message had been received there; he didn't say what day. I think he told me that message was for me. I do' not know as a matter of fact that that message was for my wife. The best I can remember, he said the message was received about 6:30 o'clock. . . I was under the impression that it was sent to me." The plaintiff introduced a copy of a letter from the general superintendent of the defendant to the secretary of the

railroad commission of Georgia, dated March 7, 1912, in regard to the message in question and another message, as to which the plaintiff had complained to the railroad commission, in which letter was the following statement: "I have to say that careful investigation develops the fact that both messages were duly transmitted to the Colquitt office, where all trace of them is lost. Diligent search of the files at Colquitt fails to show any record of either of the messages." Attached to this copy was a certificate of the secretary of the railroad commission that it was a true copy, etc. At the conclusion of the evidence the court directed a verdict for the plaintiff. The case came to this court on exceptions to the allowance of the amendment to the petition, and to the overruling of the demurrer, and the overruling of the defendant's motion for a new trial. The grounds of the motion for a new trial were that the court erred in directing a verdict, and in admitting in evidence what purported to be a copy of a letter of the defendant's superintendent, over the objection that the original letter would be the highest evidence, and that there was no law authorizing a copy of a letter addressed to the railroad commission to be admitted in evidence under a certificate of the secretary of the commission and under seal of the commission.

*Dorsey, Brewster, Howell & Heyman, Bush & Stapleton, John K. MacDonald Jr.,* for plaintiff in error.